IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON WALSH, | : |
| Plaintiff, | : |
| v. | : C. A. No. |
| ROYAL IMPORTS INC., d/b/a NEWARK TOYOTAWORLD; PRICE NEW CASTLE INC., d/b/a PRICE TOYOTA; DIAMOND MOTOR SPORTS, INC., d/b/a PRICE HONDA; PRICE AUTOMOTIVE, INC., d/b/a PRICE ACURA; and GORDON FOURNARIS & MAMMARELLA PA, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Jason Walsh, by and through his counsel, hereby brings this action against his former employers and their legal counsel to recover damages and fees that came as a result of the phantom stock provision in his employment agreements failing to comply with Internal Revenue Service Code 409A. This failure resulted in significant and unintended tax consequences to him personally. Plaintiff additionally seeks to recover damages and fees as a result of his former employers failing to pay him wages that are owed to him pursuant to his employment agreements, and pleads by way of Complaint as follows:

## THE PARTIES

1. Plaintiff Jason T. Walsh ("Mr. Walsh") is a resident of North Carolina who resides at 24332 NC 12 Hwy, Rodanthe, NC 27968-0779.

2. Defendant Royal Imports, Inc., d/b/a Newark ToyotaWorld ("Royal Imports") is a Delaware Corporation with its principal place of business at 230 E. Cleveland Ave., Newark, DE, 19711-3711, and a registered agent for service of process pursuant to 8 *Del. C.* §131, *et seq.* located at Royal Imports Inc. 220 E. Cleveland Ave., Newark, DE, 19711-3711.

3. Defendant Price New Castle, Inc., d/b/a Price Toyota ("Price New Castle") is a Delaware Corporation with its principal place of business at 168 N. Dupont Highway New Castle, DE 19720, and a registered agent for service of process pursuant to 8 *Del. C.* §131, *et seq.* located at Linda Topping, 4575 S. Dupont Highway, Dover, DE 19901.

4. Defendant Price Automotive, Inc., d/b/a/ Price Acura ("Price Acura") is a Delaware Corporation with its principal place of business at 4567 S. Dupont Hwy, Dover DE 19901, and a registered agent for service of process pursuant to 8 *Del. C.* §131, *et seq.* located at Price Automotive, Inc., 220 E. Cleveland Ave., Newark, DE, 19711-3711.

5. Defendant Diamond Motor Sports, Inc., d/b/a Price Honda ("Diamond Motorsports") is a Delaware Corporation with its principal place of business at 4585 S. Dupont Hwy, Dover DE 19901, and a registered agent for service of process pursuant to 8 *Del. C.* §131*, et seq.* located at Diamond Motor Sport, Inc., 220 E. Cleveland Ave., Newark, DE, 19711-3711.

6. Defendant Gordon Fournaris & Mammarella, PA ("Gordon Fournaris") is a Delaware Corporation with its principal place of business at 1925 Lovering Ave, Wilmington, DE 19806, and a registered agent for service of process pursuant to 8 *Del. C.* §131, *et seq.* located at 1925 Lovering Ave, Wilmington, DE 19806.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1332.

8. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332(a)(1) because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and, (2) the action is between diverse parties because the Plaintiff is a citizen of North Carolina and the Defendants are all citizens of Delaware.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because the conduct at issue occurred and caused consequences in this judicial district. Plaintiff was employed by Royal Imports, Price New Castle, Price Acura, and Diamond Motorsports (collectively, the "Price Automotive Defendants") in this district. Plaintiff entered into the employment agreements at issue with the Price Automotive Defendants in this district. Plaintiff performed substantially all of his employment duties in this district. Further, upon information and belief, Gordon Fournaris prepared the employment agreement at issue while in this district.

10. Additionally, venue is also proper in this jurisdiction because the employment agreements at issue contains a jurisdiction, venue, and governing law provision that states that any legal proceeding "arising out of or relating to this Agreement, Employee agrees to submit to, and confer exclusive jurisdiction on, the federal or state courts in the State of Delaware which have original jurisdiction for the judicial district or county in the State of Delaware in which Employee was employed by Company, where Employee last resided while employed by Company, or any other site of proper venue and jurisdiction in the State of Delaware." Ex. A at Section 9(a).

**ALLEGATIONS**

11. On September 18, 2015, Jason Walsh entered into four separate employment agreements (the "Employment Agreements") with each of the four Price Automotive

Defendants. True and accurate copies of the Employment Agreements are attached hereto as **Exhibit A**.

12. The Employment Agreements were all designed to provide certain benefits for Mr. Walsh in consideration for his continued employment and in recognition of his prior service to the Price Automotive Defendants.

13. More specifically, the terms of the Employment Agreements included identical "phantom stock" provisions, which provided Mr. Walsh with the right to receive a financial interest in the Price Automotive Defendants as if he held a percentage of the issued and outstanding capital stock of each company. Payment of the phantom stock was deferred pursuant to specific situations set forth in the Employment Agreements.

14. The phantom stock provisions were specifically designed to allow Mr. Walsh to accrue a financial interest in the Price Automotive Defendants without triggering any tax implications until actual payments were made by the Price Automotive Defendants to Mr. Walsh.

15. Defendant Gordon Fournaris prepared the Employment Agreement, including the phantom stock provision, which was intended to benefit Mr. Walsh.

16. On or about February 23, 2020, Mr. Walsh received notice that, effective April 23, 2020, he was being terminated from his employment without cause by the Price Automotive Defendants.

17. Pursuant to the Employment Agreements, the termination triggered payment by the Price Automotive Defendants of the phantom stock that Mr. Walsh had earned.

18. Under the terms of the Employment Agreements, Mr. Walsh was supposed to receive 10% of the value of the phantom stock within 60 days after termination of employment,

and the balance of the amount due paid in 60 monthly installments, without interest, commencing 60 days after the initial payment.

19. In accordance with the Employment Agreements' terms, the Price Automotive Defendants made the first payment to Mr. Walsh on June 23, 2020.

20. Almost two month after Mr. Walsh received his first installment payment and more than five years after adopting the Employment Agreements, the Price Automotive Defendants notified Mr. Walsh, for the first time, that it failed to comply with Section 409A of the Internal Revenue Code in conjunction with the phantom stock plan included in the Employment Agreements.

21. As result of the failures of the Price Automotive Companies and Gordon Fournaris to comply with section 409A of the Internal Revenue Code, Mr. Walsh is now responsible for a substantial amount of back taxes, penalties, and interest, the total liability of which exceeds $1,000,000.

22. The entire purpose of the phantom stock plan was to avoid the negative consequences that were triggered by the errors of the Price Automotive Companies and Gordon Fournaris.

23. Additionally, since this dispute has arisen, the Price Automotive Defendants have failed to timely make the first three of the 60 subsequent monthly installment payments that were owed on or about August 23, 2020, September 22, 2020, and October 22, 2020. Facing the threat of litigation, the Price Automotive Defendants made these three payments in one lump sum on November 6, 2020, but the total amount paid was reduced by approximately $84,000 without explanation.

24. Upon information and belief, the Price Automotive Defendants failed to timely make the monthly installment payments in order to inappropriately and unlawfully put pressure on Mr. Walsh.

**COUNT I**
**TO RECOVER BENEFITS DUE UNDER ERISA**
**(Plaintiff v. Price Automotive Defendants)**

25. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

26. 29 U.S.C. § 1132(a) provides that participants in deferred compensation plans, such as at the phantom stock plan contained in the Employment Agreements, may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

27. The Price Automotive Defendants violated ERISA by agreeing to provide Mr. Walsh with a deferred compensation plan that complied with Internal Revenue Code 409A when in fact that deferred compensation plan did not comply with Internal Revenue Code 409A, causing Mr. Walsh to be responsible for the payment of a substantial amount of back taxes, penalties, and interest that Mr. Walsh otherwise would not have had to pay had the Price Automotive Defendants' plan been compliant.

28. Plaintiff brings this action to recover benefits due under ERISA, to enforce and clarify rights under ERISA, and to enforce the terms of the phantom stock plan pursuant to 29 U.S.C. § 1132(a).

29. Pursuant to 29 U.S.C. § 1132(a) Plaintiff seeks the following relief:

    a) All such legal and equitable relief as is available, including the difference between what Mr. Walsh was owed had the Employment Agreement complied with Internal Revenue Code 409A and the amount he actually received, plus applicable interest;

    b) Attorneys' fees and costs pursuant to 29 U.S.C. § 1132.

    c) All other available relief pursuant to 29 U.S.C. § 1132.

    d) Damages, costs, applicable attorneys' fees incurred as a result of the violation of ERISA 503(a)(3).

    e) Any other equitable or remedial relief as the Court may deem appropriate.

30. By reason of the foregoing, Jason Walsh has been damaged in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

**COUNT II (in the alternative)**
**EQUITABLE ESTOPPEL**
**(Plaintiff v. All Defendants)**

31. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

32. Mr. Walsh is entitled to relief on the basis of estoppel under ERISA and the federal common law.

33. Mr. Walsh acted upon reliance of the Employment Agreement and representations made by the Price Automotive Defendants that his phantom stock plan would comply with Internal Revenue Code 409A, and that he would owe taxes only as payments actually occurred, not as he acquired phantom stock and that phantom stock grew in value.

34. By providing a phantom stock plan that did not comply with Internal Revenue Code 409A, the Defendants made an error that irrevocably caused Mr. Walsh not to receive the

full value of the deferred compensation that he had been promised and upon which he reasonably and justifiably relied.

35. Defendants have provided similar phantom stock benefits to other employees and knew or should have known that there were issues with Mr. Walsh's Employment Agreements but did not notify Mr. Walsh of these issues or take any measures to correct this problem.

36. Defendants are thus estopped to deny the relief sought, including restoring Mr. Walsh to the same position he would have been in had the phantom stock plan complied with Internal Revenue Code 409A.

### COUNT III (in the alternative)
### Breach of Contract
### (Plaintiff v. Price Automotive Defendants)

37. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

38. The Employment Agreements are binding contracts between Mr. Walsh and the Price Automotive Defendants.

39. Each of the four Price Automotive Defendants breached the contract it had with Mr. Walsh by failing to comply with Internal Revenue Code 409A.

40. As a result of the breach on the part of the Price Automotive Defendants, Mr. Walsh suffered substantial, unnecessary, and unintended tax consequences, which total approximately $1,000,000 dollars in damages.

41. Additionally, each of the Price Automotive Defendants breached its respective contract with Mr. Walsh by failing to pay to make full and timely monthly installment payments, which should have commenced on or about August 23, 2020.

42. As a result of that breach, Mr. Walsh has suffered damages and continues to suffer damages in the amount of each payment that was due pursuant to the Employment Agreements.

43. By reason of the foregoing, Jason Walsh has been damaged in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

## COUNT IV
## VIOLATION OF DELAWARE WAGE AND PAYMENT COLLECTION ACT
### (Plaintiff v. Price Automotive Defendants)

44. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

45. Pursuant to the Employment Agreement, Mr. Walsh's phantom stock installment payments should have commenced 60 days after the initial phantom stock payment, which would have been on or about August 23, 2020, and continued in monthly installments for 60 months until Mr. Walsh was compensated in full.

46. The Price Automotive Defendants failed to make full and timely payments on the first three payments that were owed. These payments should have occurred on or about August 23, 2020, September 22, 2020, and October 22, 2020, but no payment occurred until November 6, 2020. Even when the payment occurred on November 6, 2020, the payment was reduced by approximately $84,000.

47. Under the Delaware Wage and Payment Collection Act, "wages" is defined as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation." 19 *Del. C.* § 1101.

48. Accordingly, the 60 monthly payments that Mr. Walsh is owed by the Price Automotive Defendants are "wages" within the meaning of Delaware law.

49. The Price Automotive Defendants withheld and failed to make in full Mr. Walsh's monthly installment wages without any legal justification.

50. "If an employer, without any reasonable grounds for dispute, fails to pay an employee wages, as required under this chapter, the employer shall, in addition, be liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller[.]" 19 *Del. C.* § 1103.

51. Additionally, Delaware law mandates that any judgment in favor of plaintiff brought under this section "shall include an award for the costs of the action, the necessary costs of prosecution and reasonable attorney's fees, all to be paid by the defendant." 19 *Del. C.* § 1113.

52. Pursuant 19 *Del. C.* §1101, *et seq.*, Plaintiff seeks the following relief.

   a) Actual damages of all wages improperly withheld and untimely paid by the Price Automotive Defendants.

   b) The maximum statutory damages as mandated pursuant to 19 *Del. C.* §1103.

   c) Attorneys' fees and costs pursuant to 19 *Del. C.* §1113.

   d) All other relief that this Court deems just and equitable.

## COUNT V
## PROFESSIONAL NEGLIGENCE
### (Plaintiff v. Gordon Fournaris)

53. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

54. Defendant Gordon Fournaris acted as counsel for the Price Automotive Defendants and prepared each of the Employment Agreements at issue.

55. The Employment Agreements contained the phantom stock provisions that by their own plain language were for the benefit of Mr. Walsh.

56. By undertaking the drafting of the Employment Agreements for Mr. Walsh, Gordon Fournaris agreed to exercise the necessary, proper and ordinary skill, and knowledge of members of the legal profession required in such representation.

57. Gordon Fournaris owed a duty to Mr. Walsh because he was the intended beneficiary of their services.

58. Gordon Fournaris breached its duty to Mr. Walsh because the phantom stock provision of the Employment Agreement, which it drafted, failed to comply with the requirements of Internal Revenue Code 409A, causing Mr. Walsh to suffer damages.

59. The reasonably foreseeable and proximate result of Gordon Fournaris's failure to draft a phantom stock plan that complies with Internal Revenue Code 409A, which pertains to the inclusion of gross income in deferred compensation plans, is that Mr. Walsh incurred substantial, unnecessary, and unintended tax consequences.

60. As reflected in the foregoing, Gordon Fournaris failed to exercise necessary, proper, and ordinary skill and knowledge required by members of the legal profession for this type of representation and otherwise failed to use due care and caution under the circumstances.

61. Gordon Fouraris's malpractice and misconduct essentially destroyed the entire purpose of the phantom stock plan, leading Mr. Walsh to suffer not only the unintended tax consequences but also to incur damages, professional fees, and costs as a result of the complete failure of the phantom stock provision of the Employment Agreements.

62. By reason of the foregoing, Jason Walsh has been damaged in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. On Count I against the Price Automotive Defendants, all such legal and equitable relief as is available pursuant to 29 U.S.C. §1132(a), including the difference between what Mr. Walsh was owed had the Employment Agreements complied with Internal Revenue Code 409A, and the amount he actually received plus applicable interest; attorneys' fees and costs, and any other legal or equitable relief as the Court may deem appropriate in an amount to be determined at trial, but not less than $75,000, exclusive of interest and costs.

B. On Count II, all such equitable relief allowed under ERISA and the federal common law against all Defendants, including costs and attorneys' fees.

C. On Count III (in the alternative), all available damages available under law as a result of each Price Automotive Defendants' breaches of each of the Employment Agreements, including attorneys' fees and costs and any other relief that this Court may deem just in proper in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

D. On Count IV, all damages available pursuant to 19 *Del. C.* §1101, *et seq.*, against the Price Automotive Defendants, including actual damages for wages improperly withheld and/or untimely paid, the maximum amount of statutory penalties, and attorneys' fees and costs.

E. On Count V, compensatory damages and any other damages or relief that this Court may deem appropriate against Defendant Gordon Fournaris in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to those issues that are triable by jury.

Respectfully Submitted,

| SMITH KATZENSTEIN JENKINS LLP | DILWORTH PAXSON LLP |
|---|---|
| By: */s/ Laurence V. Cronin*<br>Laurence V. Cronin (Id. No. 2385)<br>1000 West Street, Suite 1501<br>Wilmington, DE  19801<br>(302) 652-8400 (telephone)<br>(302) 652-8405 (facsimile)<br>lvc@skjlaw.com | By: */s/ Thaddeus J. Weaver*<br>Thaddeus J. Weaver (Id. No. 2790)<br>One Customs House<br>704 King Street, Suite 500<br>P.O. Box 1031<br>Wilmington, DE  19899<br>(302) 571-8867 (telephone)<br>(302) 655-1480 (facsimile)<br>tweaver@dilworthlaw.com |
| *Attorneys for Plaintiff Jason Walsh* | *Attorneys for Plaintiff Jason Walsh* |

Dated:  November 13, 2020